On appellant's petition for reconsideration filed February 6, reconsideration allowed; former opinion (268 Or App 643, 342 P3d 1087) modified and adhered to as modified May 13, 2015

Gail NEIDHART,
*Plaintiff-Respondent,*

*v.*

Adrianne PAGE,
*Defendant-Appellant,*
*and*

ALL OTHERS,
*Defendant.*

Washington County Circuit Court
C112822EV; A150255

351 P3d 67

Frank Wall, for petition.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

LAGESEN, J.

## LAGESEN, J.

In this appeal from a Forcible Entry and Detainer (FED) judgment, we affirmed the judgment of the trial court awarding possession of the premises at issue to plaintiff, who was defendant's landlord. In so doing, we characterized the judgment on appeal as "award[ing] possession of the rented premises and $2,201 in restitution for unpaid rent to plaintiff." *Neidhart v. Page*, 268 Or App 643, 644, 342 P3d 1087 (2015). We also rejected what we understood to be defendant's argument about the trial court's obligation to offset a monetary judgment that defendant had obtained against plaintiff in a different proceeding against defendant's unpaid rent obligation, concluding that the trial court did not abuse its discretion in declining to offset the prior judgment against the monetary award in this case. *Id.* at 648. Defendant has now petitioned for reconsideration, arguing, among other things, that there was no monetary award in this case, implying that we misunderstood her offset argument. As explained below, we allow the petition, modify our opinion to address the factual error identified by defendant, and adhere to that opinion as modified.

In her opening (and only) brief on appeal, defendant raised a "Second Assignment of Error" in which she challenged the trial court's failure to offset her prior judgment against plaintiff against defendant's rent obligation:

> "Tenant had a money judgment of $3,717.00 against landlord. The judgment was more than the unpaid rent demanded in Landlord's termination notice. The Court erred when it refused to offset the rent and the judgment."

Defendant's entire argument in support of that assignment of error consisted of the following:

### "ARGUMENT - SECOND ASSIGMENT OF ERROR

**"Defendant was entitled to subtract her money judgment from plaintiff's rent.**

"Landlord introduced a copy of the judgment from the prior FED and the court took judicial notice. Tenant had a money judgment of $3,717.00. The judgment was more than the unpaid rent demanded in landlord's termination notice.

"ORS 90.125(2) says:

"Any right or obligation declared by this chapter is enforceable by action unless the provision declaring it specifies a different and limited effect.

"'Action' is defined at ORS 90.100(2):

"'Action' includes recoupment, counterclaim, setoff, suit in equity and any other proceeding in which rights are determined, including an action for possession."

As our opinion reflects, we understood defendant to be arguing that the trial court had awarded a money judgment to plaintiff for the amount of defendant's unpaid rent, and that the trial court erred by not offsetting the prior judgment against that money award. In the petition for reconsideration, defendant points out that the trial court ultimately did not include a monetary award in the judgment on appeal, indicating that we misunderstood the theory of her offset argument.

Defendant is correct that the judgment on appeal did not include a monetary award. Accordingly, we modify our prior opinion to delete any references to a monetary judgment for unpaid rent. Further, because our resolution of defendant's second assignment of error in the final paragraph of our opinion, 268 Or App at 648, turned on our misapprehension that defendant was seeking to offset the prior judgment against a monetary award in this case, we also modify our opinion to delete the final paragraph and replace it with the following paragraph:

"Defendant next asserts that the trial court erred when it declined to offset the judgment from the prior case against her rent. We reject that assignment of error on the ground that it also is insufficiently developed for our review."

We reject without discussion the other arguments raised in the petition for reconsideration.

Reconsideration allowed; former opinion modified and adhered to as modified.